[No. B005050. Second Dist., Div. Six. July 16, 1985.]

In re the Marriage of REBECCA L. and GARY L. TUSINGER.
REBECCA L. TUSINGER, Respondent, v.
GARY L. TUSINGER, Appellant.

COUNSEL

Robert D. Wendt and Wendt, Ronca & Woolpert for Appellant.

R. Michael Devitt for Respondent.

OPINION

**GILBERT, J.**—Appellant Gary Tusinger appeals from an order of the superior court denying his motion to quash service of summons and set aside a default judgment.

We affirm the order of the trial court which found that appellant had been properly served.

FACTS

Respondent Rebecca Tusinger filed a petition in California to dissolve her marriage to appellant on May 6, 1977. She mailed the summons and petition to appellant's address in Arkansas, and requested a return receipt in accordance with Code of Civil Procedure section 415.40 which provides in pertinent part: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt."

The summons was filed with the court on June 28, 1977, together with the return receipt, signed by appellant's mother, Margaret Tusinger. Respondent ultimately obtained a default judgment, awarding her custody of

the minor children, with the issue of support reserved. On November 23, 1977, a final judgment was entered.

Meanwhile, back in Arkansas appellant filed divorce proceedings, effecting service of process by publication. In June of 1978, respondent filed an order to show cause re child and spousal support, and personally served appellant in California when he was visiting the children. Appellant did not appear, and the court granted the relief prayed for by modifying the interlocutory judgment so that respondent was awarded, among other things, child support in the amount of $200 per month per child.

When the district attorney sought to collect child support arrearages in the amount of $23,250, appellant filed his motion to quash service of summons, which was heard on February 10, 1984. The trial court found the service to be proper and denied the motion.

## DISCUSSION

Appellant contends that service of the summons and petition was improper because he was not personally served. Although Code of Civil Procedure section 415.40 allows out of state service by mail, he argues, Code of Civil Procedure section 417.20 requires actual delivery to the person to be served.

Code of Civil Procedure section 417.20 provides in pertinent part: "Proof that a summons was served on a person outside this state shall be made: (a) If served in a manner specified in a statute of this state, as prescribed by Section 417.10, and if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence; . . ." Appellant's mother, not appellant, was served.

In addition, appellant argues that Code of Civil Procedure section 416.90, which allows service on an authorized agent, is not applicable because there is no evidence that appellant's mother was an authorized agent.

■ We agree with respondent that jurisdiction was acquired by mail under Code of Civil Procedure section 415.40 even though appellant's mother signed the return receipt, because "other evidence" demonstrated that appellant received notice. We have taken judicial notice of the superior court file (Evid. Code, § 452, subd. (d)), and in particular, exhibit A to a declaration of respondent's attorney, filed in his opposition to appellant's motion to quash. Exhibit A is a letter dated June 1, 1977, from appellant's attorney in Arkansas. The letter indicates that the attorney represents appellant and begins with the following sentence: "I am writing with reference

to the divorce petition which Gary Tusinger received a few days ago and which was initiated by his wife."

The trial judge, in his well-reasoned ruling on the motion, considered this letter as sufficient "other evidence" under the statute. The court came to the obvious conclusion that sometime between May 23, 1977, and June 1, 1977, appellant took the summons and petition to his attorney who wrote to respondent's attorney. Nowhere in the record does appellant contradict this. Rather, he states in his declaration that he has "never seen the summons and petition in the California proceeding which this case is based upon." How could this be so unless appellant closed his eyes while he secreted the summons and petition in a plain paper bag, which he then delivered to his attorney? This seems unlikely, and we understand why appellant's bald assertion strained the trial judge's credulity.

"Other evidence" in Code of Civil Procedure section 417.20, means that a return receipt signed by a person being served out of state is not the only evidence to establish proof of service. The "other evidence" here was more than sufficient to satisfy the court that the summons and petition were served on appellant.

*In re Marriage of Smith* (1982) 135 Cal.App.3d 543 [185 Cal.Rptr. 411], cited by appellant is inapposite. *Smith* holds that a general appearance does not transform an improper service of process into a valid one. Here, the service of process was proper.

The order of the trial court is affirmed.

Stone, P. J., and Abbe, J., concurred.