**ELECTRO–MEASURE, INC., Appellant,**

v.

**EWALD ENTERPRISES, INC.,
Respondent.**

**No. C3–86–1138.**

Court of Appeals of Minnesota.

Dec. 30, 1986.

Review Denied March 13, 1987.

William P. Studer, David G. Seykora, St. Paul, for appellant.

Douglas E. Schmidt, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LANSING, and LESLIE, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions whether the trial court erred in vacating a Wisconsin judgment for lack of personal jurisdiction over the defendant. We affirm.

## FACTS

In August 1979, respondent Ewald Enterprises, Inc. shipped materials for assembly to appellant Electro-Measure, Inc. (EMI) at EMI's facility in Menasha, Wisconsin. Ewald Enterprises ceased communication with EMI sometime in late 1979 or early 1980. Appellant attempted to contact Ewald Enterprises in 1981 and 1982, both by telephone and mail at the two business addresses known to EMI. One of the addresses was the address for service of process listed in Ewald Enterprises' Minnesota articles of incorporation. These attempts to locate John Ewald or Ewald Enterprises was unsuccessful.

In February 1982, EMI mailed a certified letter to Ewald Enterprises at one of the known addresses. The post office was not able to deliver the letter to the prior business address. The post office located a forwarding address for Ewald Enterprises in Litchfield and placed a label on the letter with this address. The certified letter was not claimed when delivered to the Litchfield post office, and was returned to EMI.

On August 10, 1982, EMI filed a summons and complaint against Ewald Enterprises with the circuit court in Outagamie County, Wisconsin. EMI sought to recover the costs of assembly and storage on the materials sent by Ewald Enterprises to EMI, and requested the court to authorize EMI to dispose of the inventory. EMI delivered copies of the summons and complaint to the Hennepin County sheriff. The Hennepin County sheriff was unable to locate Ewald Enterprises. The Hennepin County sheriff returned a certificate of attempted service and indicated that Ewald Enterprises may have moved to Meeker County.

EMI then delivered copies of the summons and complaint to the sheriff of Meeker County. The sheriff attempted personal service at the Litchfield address noted by postal authorities on the February 1982 letter. In a letter dated September 22, 1982, the Meeker County sheriff indicated he had been trying to locate John Ewald in regard to this and other matters for the past two and one-half months but had no success. On one occasion the sheriff found a vehicle at Ewald's house, but was not able to get a response at the door. The sheriff stated, "I believe I heard a noise inside the house when I rang the doorbell but I can't be positive enough to say that someone was evading service." Neighbors in the area told the sheriff they saw Ewald on occasion.

Evidence introduced at trial established that during 1982 John Ewald was the sole officer and shareholder of Ewald Enterprises and conducted the affairs of the corporation from his Litchfield, Minnesota residence. The residence had a telephone and John Ewald received his mail there on a daily basis.

In October 1982, appellant published the summons in the Post-Crescent, a newspaper in general circulation in Outagamie County, Wisconsin. The notice was published for three consecutive weeks. This was the only publication of notice. EMI did not mail a copy of the summons and complaint to Ewald Enterprises at the time notice was published, even though the Meeker County sheriff confirmed respondent's Litchfield address.

On November 24, 1982, a hearing was held before the Outagamie County circuit court and judgment was entered on the same day. Respondent Ewald Enterprises did not appear at the hearing. The trial court's findings state that "[respondent] is a Minnesota corporation and its principal offices are unknown." The court's findings and judgment recognize appellant was unable to personally serve respondent and the summons was published in the Post-Crescent newspaper. Apparently the court believed this method of service was sufficient to provide the court with personal jurisdiction. The court concluded that EMI was entitled to judgment against respondent in the amount of $3160 for labor, material furnished, and storage costs through November 1982. The court granted EMI the authority to sell the property after giving respondent at least 10 days notice.

Ewald Enterprises resumed contact with EMI in January 1985. On November 1, 1985, Ewald Enterprises filed a motion in the Hennepin County district court to vacate the Wisconsin judgment. The court granted the motion and vacated the Wisconsin judgment, concluding that the Outagamie County court did not have personal jurisdiction to enter judgment against Ewald Enterprises. As a result, the Minnesota court was without power to accord the foreign judgment full faith and credit.

EMI appeals the decision of the Hennepin County district court vacating the Wisconsin judgment.

## ISSUES

1. Did appellant meet the constitutional and statutory requirement that notice be published in a newspaper reasonably calculated to give notice to respondent?

2. Did appellant meet the statutory requirement that notice by publication must be accompanied by mailing a copy of the summons and complaint if the defendant's address is known or could be discovered with reasonable diligence?

## ANALYSIS

 A foreign court's judgment rendered in the absence of proper personal jurisdiction is not entitled to full faith and credit in Minnesota. *David M. Rice, Inc. v. Intrex, Inc.*, 257 N.W.2d 370, 372 (Minn. 1977). The foreign court must comply with its own state legislation enacted to provide the court with jurisdiction and with the due process clause of the United States Constitution. *Id.* In determining whether the foreign court obtained personal jurisdiction, Minnesota courts apply the law of the foreign state as construed by the courts of that state. *Id.* at 373.

 1. The trial court vacated the Wisconsin judgment on the grounds that appellant failed to publish notice in a newspaper "reasonably calculated to give notice." The court relied on *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and Wisconsin Statutes §§ 801.11 and 985.02. We agree with this conclusion. A court may obtain personal jurisdiction over a party through service of summons by publication if, after due diligence, the party's whereabouts cannot be ascertained. *See Mullane*, 339 U.S. at 317, 70 S.Ct. at 658–659. However the publication must be "reasonably calculated" to reach the interested party.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Id.* at 314, 70 S.Ct. at 657.

This mandate is embodied in the Wisconsin statute governing service by publication. When service by publication is authorized by Wis.Stat. § 801.11(1)(c) or § 801.11(5)(b), "notice shall be published in a newspaper likely to give notice in the area or to the person affected." Wis.Stat.Ann. § 985.02(1) (West 1985).

■ The Minnesota court was correct in deciding that publication of the summons and complaint in Wisconsin was not reasonably calculated to give notice to respondent. EMI knew of only one officer of respondent corporation, John Ewald, and notice should have been such as to reach that officer. Each business address known to EMI was a Minnesota address, specifically two Minneapolis addresses. Furthermore, EMI had reason to know that John Ewald was living in Litchfield, Minnesota. EMI's certified letter to Ewald Enterprises was returned with a forwarding address for John Ewald in Litchfield, Minnesota. The letter was returned unclaimed, which is different from the situation where the person's address is unknown. Eight months later, EMI's attorney attempted personal service at the Litchfield address, indicating EMI had actual knowledge of the Litchfield address, either from the returned letter or some undisclosed source. EMI received a response from the local sheriff confirming Ewald was believed to live at the Litchfield address. Under these facts, we conclude that publication in a Wisconsin newspaper with local circulation, was not "reasonably calculated" to give notice to respondent.

EMI emphasizes the statutory language "in the area *or* to the person affected," contending that the alternative for publication in an appropriate "area" had been satisfied here. It is evident, we believe, that the reference to an area speaks of an area where the defendant would likely receive notice. EMI's argument overlooks the true statutory mandate that "legal notice shall be published *in a newspaper likely to give notice* in the area or to the person affected." Wis.Stat.Ann. § 985.02(1) (West 1985) (emphasis added).

Our conclusion is consistent with the Wisconsin courts' interpretation of section 985.02. *See Emery v. Emery*, 124 Wis.2d 613, 369 N.W.2d 728 (1985) (publication in Milwaukee newspaper was sufficient even though defendant was in Texas because plaintiff reasonably relied on defendant's statement that he was moving to Madison).

■ 2. When notice of the suit is made by publication, Wisconsin law requires the plaintiff to mail a copy of the summons and complaint if the address of the defendant is known or could be discovered with reasonable diligence. Wis.Stat.Ann. §§ 801.-11(1)(c) & (5)(b) (West 1977). Appellant's failure to meet the mailing requirement represents a fatal defect in the Wisconsin court's attempt to exercise jurisdiction over respondent, in addition to the publication defect. The failure to mail notice to an address identified as respondent's address by both the postal service and the local sheriff prevented the Wisconsin court from obtaining personal jurisdiction over respondent.

Our conclusion is consistent with the Wisconsin cases applying the statutory requirement for publication accompanied by mailing. In *Welty v. Heggy*, 124 Wis.2d 318, 369 N.W.2d 763 (Wis.Ct.App.1985), *pet. for rev. denied*, 123 Wis.2d 548, 371 N.W.2d 375 (1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 344, 88 L.Ed.2d 291 (1985), the plaintiffs mailed copies of the summons and complaint at the time of publication to the four known addresses of the defendant. Due to the defendant's process dodging, the defendant's current mailing address could not have been ascertained. The defendant cancelled his post office box without providing a forwarding address and refused to put a mail receptacle at his home. The defendant received mail at a local printer's shop but the court determined this address could not have been discovered through the exercise of reasonable diligence. *Id.* 124 Wis.2d at 323, 369 N.W.2d at 768. In this case, EMI made no attempt to mail notice to Ewald Enterprises at the time the summons was published, even though Ewald was receiving mail at the Litchfield address and EMI knew of that address. *See also Emery*, 124 Wis.2d at 626, 369 N.W.2d at 734 (defendant's address could not be ascertained with reasonable diligence because defendant was on the move with no permanent place of residence).

EMI also claims that if respondent maintained a current business address for service of process with the Minnesota Secretary of State, EMI could have successfully notified respondent of the litigation. EMI fails to recognize that the Minnesota Business Corporations Act provides plaintiffs with an alternative method of serving process when the server is unable to find either the registered agent or any other officer at the registered office.

> If a corporation has appointed and maintained a registered agent in this state but neither its registered agent nor an officer of the corporation can be found at the registered office * * * then the secretary of state is the agent of the corporation upon whom the process, notice, or demand may be served.

Minn.Stat. § 302A.901, subd. 2 (1984). Under the corporations act, EMI could have served notice upon the Secretary of State and such notice would have been notice to respondent corporation, which failed to maintain a current registered office for service of process.

### DECISION

The trial court correctly decided that the Outagamie County court did not have personal jurisdiction to enter judgment against respondent and, as a result, the Hennepin County court was without power to accord the foreign judgment full faith and credit.

Affirmed.