**S.V. MANAGEMENT CO., Respondent,**

v.

**R. Wendell ELLIS, Appellant,**

**William Denhart, et al., Defendants.**

**No. C7–90–2720.**

Court of Appeals of Minnesota.

July 2, 1991.

Review Denied Sept. 13, 1991.

Ann Morelli Spencer, Wagner, Johnston & Falconer, Ltd., Minneapolis, for respondent.

James T. Martin, Dan T. Ryerson, Gislason, Martin & Varpness, P.A., Edina, for appellant.

˙ Considered and decided by FORSBERG, P.J., and CRIPPEN and KLAPHAKE, JJ.

## OPINION

FORSBERG, Judge.

Appellant R. Wendell Ellis claims the district court erred in refusing to vacate a judgment pursuant to Minn.R.Civ.P. 60.-02(d). The judgment in question is a California default, entered in Minnesota under the full faith and credit clause. Ellis claims California had no jurisdiction due to lack of personal service. We reverse.

## FACTS

Ellis, a Minnesota resident, entered into a contract with respondent S.V. Management Company for a buy/lease-back arrangement on a number of Burger King Restaurants. As part of the agreement, S.V. Management forwarded Ellis some $52,000 in advance fees. Financing was never arranged, and the deal fell through. For whatever reasons, Ellis never returned the $52,000 prepayment.

S.V. Management, through its California counsel, requested return of $50,000 within five days of April 12, 1989. Ellis did not respond to this request and another letter was written 12 days later, requesting the refund and threatening litigation. Again, on May 4, counsel requested the money and informed Ellis a civil complaint was being prepared in this matter.

On June 29, counsel forwarded a complaint to Ellis in Minnesota by certified, regular mail, return receipt requested. On July 12, the complaint was delivered to Ellis' residence. It was received and signed for by Tracy Severson. Severson's relationship to Ellis is a source of dispute between the parties. Ellis and Severson both claim she is an acquaintance of Ellis' daughter, and was only at the home on the day in question to use the boating facilities while Ellis was out of town. She claims to have accepted the package, placed it in her beach pack, and then forgot about it until after judgment was entered in Minnesota and the signed receipt came to Ellis' attention.

S.V. Management contends Severson was, in some manner, employed by Ellis and delivered the process to Ellis. S.V. Management's affidavits claim a call was made to Ellis' office, asking for Severson. The caller was informed that Severson was not available, but did work for Ellis.

In any case, on August 4, 1989, Ellis sent S.V. Management's principal a facsimile communication "Re: Settlement of Dispute." This communication requests settlement and indicates "I too want to cut off unnecessary legal expense associated with any dispute." The communication further states it is "purely in the spirit of settlement and not to get into any of the specific merits of the matter." It specifically indicates a plan of settlement would be forwarded soon thereafter.

No subsequent settlement offer was made. Default judgment was entered in California district court against Ellis and another co-defendant in the amount of $432,394.73. The co-defendant moved for, and obtained, vacation of the judgment

against him. Judgment for the full amount was entered against Ellis in Minnesota on July 27, 1990, pursuant to the full faith and credit clause of the United States Constitution. On August 15, 1990, Ellis moved to vacate the judgment pursuant to Minn.R.Civ.P. 60.02(d). Specifically, Ellis claimed lack of personal service rendered the California judgment void. Based upon affidavits and documentary evidence only, the Minnesota district court denied the motion. The court determined process was adequately served under the California code, specifically finding that the August 4, 1989 facsimile transmission constituted "other evidence" of service of process by acknowledging the pending litigation.

## ISSUE

Did the district court err in refusing to vacate the judgment?

## ANALYSIS

This case is controlled by the Uniform Enforcement of Foreign Judgment Acts, Minn.Stat. §§ 548.26–.33 (1988). To be entitled to full faith and credit, a foreign judgment must be rendered with proper personal jurisdiction.

The foreign court must comply with its own state legislation enacted to provide the court with jurisdiction and with the due process clause of the United States Constitution. In determining whether the foreign court obtained personal jurisdiction, Minnesota courts apply the law of the foreign state as construed by the courts of that state.

*Electro–Measure, Inc. v. Ewald Enter., Inc.*, 398 N.W.2d 85, 88 (Minn.App.1986) (citations omitted), *pet. for rev. denied* (Minn. Mar. 13, 1987).

The California law governing personal service provides:

A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by * * * *first-class mail, postage prepaid*, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal.Civ.Proc.Code § 415.40 (West Supp. 1991). The code requires proof of service before jurisdiction may be asserted:

if service is made by mail pursuant to section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence.

Cal.Civ.Proc.Code § 417.20 (West 1973).

In denying Ellis' motion to vacate, the Minnesota district court concluded that the personal service on Ellis in California was satisfactory. We believe this does not comport with Minnesota law and runs afoul of Ellis' due process rights. Specifically,

[a] judgment entered pursuant to § 548.27 [of the Uniform Enforcement of Foreign Judgment Acts] may be vacated for lack of jurisdiction of the rendering court. If the defendant does not appear in the foreign proceedings and does not litigate the issue of personal jurisdiction, the foreign judgment does not have res judicata effect on that issue.

*Corsica Cheese, Inc. v. Roers Enter., Inc.*, 389 N.W.2d 751, 753 (Minn.App.1986) (citations omitted). Likewise, our supreme court has stated:

[A] court need not accept the judgment of a foreign court if that court lacked the jurisdiction to render the judgment. However, if that same foreign court already fully and fairly addressed the contention that it lacked jurisdiction, then its decision on that point must be given effect.

*United Bank of Skyline, Nat'l Ass'n v. Fales*, 405 N.W.2d 416, 417 (Minn.1987). Since Ellis never had an opportunity to fully and fairly contest jurisdiction in the California court, the California judgment may be vacated as void if we determine the California court never obtained personal jurisdiction. *See State v. Andrasko*, 454 N.W.2d 648, 650 (Minn.App.1990) (a void judgment is one in which the court lacks jurisdiction and is *ab initio* unenforceable, as opposed to a voidable decision which

remains in effect until vacated), *pet. for rev. denied* (Minn. June 25, 1990).

The Minnesota district court determined, even if there were no proof of service by mail in accordance with sections 415.40 and 417.20, there was "other evidence" sufficient to satisfy the requirement. We disagree.

The sufficiency of "other evidence" under section 417.20 was considered in *In re Marriage of Tusinger*, 170 Cal.App.3d 80, 215 Cal.Rptr. 838 (1985). In that case, Gary Tusinger, while in the state of Arkansas, was sued for divorce by his former wife in the state of California. The summons and complaint were mailed pursuant to section 415.40, but received and signed for by Tusinger's mother. The appellate court took judicial notice of a letter from Tusinger's attorney which stated "I am writing with reference to the divorce petition which Gary Tusinger received a few days ago and which was initiated by his wife." *Tusinger*, 170 Cal.App.3d at 82–83, 215 Cal.Rptr. at 839. The court noted that Tusinger never contradicted the inference that he took the summons and petition to his attorney. This "other evidence," the court concluded, clearly established receipt sufficient to enable Tusinger to answer and defend the suit. *Id.*

The facsimile communication in this case is ambiguous at best. It was forwarded by Ellis, not his counsel. It spoke only in general terms of settlement, and talked of "avoiding" rather than disposing of litigation. We conclude that unlike the letter in *Tusinger*, this is not "other evidence" sufficient to establish actual delivery.

The remaining evidence also fails to support a finding of receipt. The affidavits of S.V. Management's California counsel and his secretary are self-serving hearsay. On the other hand, Ellis has competent affidavits by Severson, who received service, stating that the summons and complaint never made its way into Ellis' hands. Thus, even if Ellis was aware that litigation had been commenced, there was no way he could have answered the multicount complaint without actual possession of the document. Subjecting Ellis to the jurisdiction of the California court under these circumstances would run afoul of *Electro–Measure*, 398 N.W.2d at 88, which requires compliance with the due process clause of the United States Constitution.

## DECISION

The district court erred in denying Ellis' motion to vacate pursuant to Minn.R.Civ.P. 60.02(d). The order is reversed and the Minnesota judgment entered pursuant to the full faith and credit clause is vacated.

Reversed.