James E. JOHNSON, Appellant,

v.

SEL–MOR DISTRIBUTING CO., INC.,
et al., Badger Business Products,
Inc., Respondents.

No. CX–88–1013.

Court of Appeals of Minnesota.

Oct. 25, 1988.

Review Denied Dec. 21, 1988.

Douglas P. Kempf, Bloomington, for appellant.

Michael S. Kreidler, Minneapolis, for Sel-mor Distributing.

George F. McGunnigle, Jr., Minneapolis, and John R. Dawson, H. Edward Wynn, Milwaukee, Wis., for Badger Business Products.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

James Johnson appeals from a judgment dismissing his claim against respondent, Badger Business Products, Inc., for lack of personal jurisdiction. Johnson contends respondent has sufficient minimum contacts with Minnesota so that exercise of personal jurisdiction in Minnesota does not violate due process of law. We affirm.

## FACTS

Appellant, James Johnson, has been employed during the majority of his working life in the field of sales. He was employed by respondent from April 7, 1983, to May 1984 as a general sales manager.

Respondent, Badger Business Products, Inc. (Badger), is a Wisconsin corporation with its principal place of business in Waukesha, Wisconsin. Badger is in the business of distributing Sharp office copier machines and Ricoh office facsimile transmission machines. Badger's assigned sales territory for both Sharp and Ricoh products is the southern half of Wisconsin. Badger has no employees who either reside in or work in the State of Minnesota. Badger does not have a bank account or any other assets within the State of Minnesota. Badger does not advertise in Minnesota nor in any other way solicit business within or from any customer within Minnesota, nor does Badger's sales territory extend into Minnesota or into any other neighboring state.

In an affidavit, Badger's president claims his company's limited involvement with persons in Minnesota consists solely of several occasions on which, at the direction of Sharp, Badger has transferred to another Sharp dealer, who may happen to be located in Minnesota, a particular style of copier which that dealer has sold but did not have in its current inventory. In addition, occasionally, Badger has arranged with a common carrier in Wisconsin to deliver to a customer's branch office in Minnesota a copier purchased and sold in Wisconsin to a Wisconsin customer. Also, the president of Badger has attended business-related events in Minnesota on two occasions in the past several years.

The underlying basis of the lawsuit is appellant's alleged defamation by respondent. Appellant alleges that managing agents and officers of Badger had conversations with prospective employers of appellant and maliciously misrepresented appellant's achievements as a sales manager thus preventing him from finding suitable employment.

The trial court issued an order granting Badger's motion for dismissal for lack of personal jurisdiction. This order is appealable as an order determining the action and preventing entry of an appealable judgment. See Bulau v. Bulau, 208 Minn. 529, 530, 294 N.W. 845, 847 (1940).

## ISSUE

Did the trial court err in finding no personal jurisdiction over respondent?

## ANALYSIS

A Minnesota court must resolve two issues before it can exercise personal jurisdiction over a nonresident defendant. It must determine first whether the statutory standard of our long-arm statute is satisfied, and second whether there exists such minimum contacts between the defendant and this state that the exercise of personal jurisdiction would not offend due process. See Sherburne County Social Serv. o.b.o. Pouliot v. Kennedy, 426 N.W.2d 866 (Minn.1988) (citing Ulmer v. O'Malley, 307 N.W.2d 775, 777 (Minn.1981)).

Appellant was precluded from asserting long-arm jurisdiction under the general long-arm statute. Minn.Stat. § 543.19, subd. 1(d)(3) specifically exempts nonresident defendants from long-arm jurisdiction for claims of defamation based on an act committed outside the state causing injury in the state. Thus, appellant's claim was brought under Minn.Stat. § 303.13 which does not have a similar exemption for defamation actions.

Respondent, in its motion to dismiss, argued that in order to obtain jurisdiction over Badger under Minn.Stat. § 303.13,

subd. 1(3) appellant was required to serve the Secretary of State. The trial court relying on two federal cases agreed. *See Flanders v. Associated Newspapers*, 9 Med.L.Reporter 1669 (D.Minn.1983) (in order to invoke jurisdiction under Minn.Stat. § 303.13 Secretary of State must be served); and *Thompson v. Kiekhaefer*, 372 F.Supp. 715, 717 n. 1 (D.Minn.1973).

We need not address the trial court's interpretation of Minn.Stat. § 303.13 because we hold that Badger's contacts with Minnesota were not sufficient to justify assumption of personal jurisdiction under the constitutional standards of due process of law applied by the United States Supreme Court.

The United States Supreme Court has delineated the applicable constitutional standard of fundamental fairness as follows:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted). The critical focus in any jurisdictional analysis is "the relationship among the defendant, the forum and the litigation." *West American Insurance Co. v. Westin, Inc.*, 337 N.W.2d 676, 679 (Minn.1983) (quoting *Rush v. Savchuk*, 444 U.S. 320, 327, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980)). This relationship is defined by the defendant's contacts with the forum *state*, not with its *residents*. *West American*, 337 N.W.2d at 679.

To have minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities within the jurisdiction. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The "purposeful availment" requirement assures jurisdiction will result from more than "random," "fortuitous," or "attenuated" contacts, or from the "unilateral activity of another party or third per-

son." *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984)). The nonresident must be able to reasonably anticipate being haled into the state's court. *World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ To determine whether minimum contacts exist between a nonresident defendant and the state, we must examine five factors: (1) the quantity of contacts with the state; (2) the nature and quality of those contacts; (3) the connection or relationship between the contacts and the cause of action; (4) the state's interest in providing a forum; and (5) the relative convenience of the parties. *Marquette Nat'l. Bank of Minneapolis v. Norris*, 270 N.W.2d 290, 295 (Minn.1978). The last two factors are considered secondary. *Id.* The fifth factor, convenience, "is irrelevant unless the defendant also has, as a threshold matter, sufficient contacts with the forum state." *West American*, 337 N.W.2d at 680.

■ A single contact can suffice to establish personal jurisdiction, but where jurisdiction is based on a single contact, the nature and quality of the contact becomes dispositive. *Marquette Nat'l. Bank*, 270 N.W.2d at 295.

### Quantity of contacts

■ Badger's contacts with Minnesota include occasional trading of copy machines or supplies with Minnesota Sharp dealers at the request of Sharp and an occasional sale of copiers to Wisconsin customers who intend to use the equipment in Minnesota branch offices. In addition, Badger's contacts with Minnesota involving the alleged tortious conduct included two phone calls, one call placed by a Minnesota employer to Badger's office in Wisconsin and one call placed by a Minnesota private investigator hired to pose as a potential employer. Badger is not licensed to do business in Minnesota, conducts no business in Minnesota and solicits no business in Minnesota.

*Quality and nature of contacts*

In reviewing the nature and quality of the contacts, we must determine whether the nonresidents " 'purposefully availed' themselves of the benefits and protections of Minnesota law" or whether they were "brought into contact incidentally through the unilateral activity of the plaintiff." *Dent-Air Inc. v. Beech Mountain Air Service*, 332 N.W.2d 904, 907 (Minn.1983). Johnson asserts Badger's defamatory acts causing damage in the forum state is conduct such that Badger should anticipate being haled into court. Badger disagrees pointing out that it did not initiate contact with Minnesota or purposefully avail itself of Minnesota law.

Johnson argues that *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) should govern the outcome in the present case. In *Calder*, personal jurisdiction was established over nonresident defendants in a defamation action in California even though neither defendant had been to California. Johnson relies primarily on the court's reasoning that the defendants, publishers of a magazine, should have "reasonably anticipated" their actions would result in injury and other consequences in California. *Id.* at 790, 104 S.Ct. at 1487. However, in *Calder* the Supreme Court found the quantity and quality of defendants' contacts with California were significant in that the defendants knew "the brunt of any injury would be felt by [plaintiff] in the state in which she lives and works and in which the [magazine] has its largest circulation." *Calder* at 790–91, 104 S.Ct. at 1487–88. In addition, the defendants in *Calder* initiated the contact with the forum state. Here, Badger initiated no contact with Minnesota.

Thus, under the facts here, neither the quantity nor the nature of Badger's contacts with Minnesota would suffice to establish personal jurisdiction.

*Connection between the claim and the contacts*

A defendant's connection with the forum state must be such that it reasonably could anticipate being haled into court in the forum state. *Dent-Air*, 332 N.W.2d at 908.

The facts demonstrate Badger has had virtually no contact with Minnesota and has restricted its activities to Wisconsin. The sporadic business contact with Minnesota does not constitute purposeful and continuing contact with this state. In addition, these contacts are all unrelated to appellant's defamation claim. The record does not provide a prima facie showing that Badger purposefully or intentionally availed itself of the privilege of conducting business in Minnesota.

*Minnesota's interest in producing a forum*

Minnesota has an interest in providing a forum for residents who have been wronged, but this interest is not a contract and cannot establish personal jurisdiction. *Dent-Air*, 332 N.W.2d at 908.

*Convenience of the parties*

In analyzing this factor, we balance the interests of the plaintiff in trying the case in a particular forum against the inconvenience to the nonresident defendant for having to defend in the plaintiff's forum. *Anderson v. Luitjens*, 311 Minn. 203, 210, 247 N.W.2d 913, 917 (1976). Unless the inconvenience to either party is extensive, this consideration also is not dispositive. *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir.1965).

Since sufficient contacts for Badger have not been established, the relative convenience of one forum over another is not dispositive and will not be considered.

## DECISION

The trial court's dismissal of respondent Badger Business Products for lack of personal jurisdiction is affirmed.

**AFFIRMED.**