Kittle Heavy Hauling appeals from the judgment of the DeKalb County Circuit Court dismissing its complaint alleging breach of contract against Gary A. Rubel, Inc., for lack of personal jurisdiction.
Rubel is an Ohio corporation based in Monroe County, Ohio. Kittle is an Alabama corporation based in DeKalb County, Alabama. *Page 744 
In November 1992 Wayne Kittle met Gary Rubel at a heavy equipment auction in West Virginia. Rubel purchased a piece of equipment, which needed to be moved from the auction site to Monroe County, Ohio.
Rubel contends that he and Kittle reached an agreement at the West Virginia auction for Kittle to provide the necessary moving services. Kittle contends, however, that no agreement was reached until Kittle was contacted by Rubel at Kittle's office in DeKalb County, Alabama. In either case, the services were performed, and Rubel made payment at the delivery site. Rubel, however, failed, or refused, to pay the full amount which Kittle charged for such services.
Kittle filed a complaint in the Circuit Court of Dekalb County, alleging that Rubel still owed $2,943 under the agreement. Rubel filed a motion to dismiss, alleging that the Alabama court did not have personal jurisdiction to entertain the complaint. The trial court granted the motion. Kittle appeals.
The sole issue on appeal is whether the DeKalb County Circuit Court has personal jurisdiction over this nonresident defendant.
Rule 4.2(a)(2), A.R.Civ.P., sets out the basis for obtaining personal jurisdiction over nonresident defendants. Whether a court has personal jurisdiction over a nonresident defendant is a determination which must be made on a case-by-case basis. Lowry v. Owens, 621 So.2d 1262 (Ala. 1993).
In Keelean v. Central Bank of the South, 544 So.2d 153 (Ala. 1989), our supreme court set forth a two-fold analysis for determining whether a court has personal jurisdiction over a nonresident defendant:
 "1) the determination of whether it is foreseeable to that nonresident defendant that he will be sued in this state; and
 "2) the determination of the degree of contact that the nonresident defendant has with this state."
Kittle contends that suit should lie against Rubel in this state because, it says, the contract was created in Alabama by Rubel's telephone call and because a portion of the contract was performed in this state when Kittle obtained the necessary licenses and permits and performed other preparatory duties for the movement of the equipment from West Virginia to Ohio.
An individual's contract with an out-of-state party does not, standing alone, automatically establish sufficient minimum contacts in the other party's home forum. Burger KingCorp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985). The use of an interstate facility (i.e., telephone) is an ancillary factor and does not, alone, provide the requisite minimum contacts. Steel Processors, Inc. v. Sue'sPumps, Inc. Rentals, 622 So.2d 910 (Ala. 1993). Furthermore, the unilateral activity of one claiming a relationship with a nonresident defendant will not satisfy the requirement of minimum contacts with the forum state. Hanson v. Denckla,357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
The only contact Rubel had with this state was a telephone call to solidify an agreement which had been initiated in West Virginia. The terms of the agreement provided that equipment would be transported from West Virginia to Ohio. Kittle was paid upon delivery in Ohio.
In view of the authority above and the facts and circumstances of this case, we hold that it was not foreseeable that Rubel would be sued in Alabama because we do not find sufficient contacts with Alabama to establish personal jurisdiction here. Steel Processors; White-SpunnerConstr., Inc. v. Cliff, 588 So.2d 865 (Ala. 1991).
The judgment of the trial court in dismissing the complaint is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 745