Rel: January 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0410

_____

**Joseph H. Reeves**

v.

**Wilson Floor and Wallcovering, Inc.**

**Appeal from Autauga Circuit Court**
**(CV-17-900124)**

COOK, Justice.

Joseph H. Reeves appeals from an order entered by the Autauga

Circuit Court dismissing his claims against Wilson Floor & Wallcovering,

Inc. ("Wilson Floor"), for "lack of service" under Rule 4, Ala. R. Civ. P.[1] It is undisputed that Reeves's attempted service on Wilson Floor was ineffective in this case. However, because we conclude that Wilson Floor was adequately informed of Reeves's action against it, the trial court's dismissal of his claims against Wilson Floor was prohibited under Rule 4(i)(2)(C). We therefore reverse the trial court's order and remand the case for further proceedings.

Facts and Procedural History

Reeves alleges that, in November 2015, he contracted with Wilson Floor and its owner, Tom Wilson, to remove and replace the wood flooring in his home. After the work was completed, Reeves discovered that his new flooring was not level. Despite attempts by Tom and Wilson Floor to fix that issue, Reeves alleges that the flooring in his home continued to be unlevel and that, eventually, Tom refused to make any additional repairs.

On May 24, 2017, Reeves filed a complaint against "Tom Wilson"

---

[1]The trial court also dismissed Reeves's claims against the owner of Wilson Floor, Tom Wilson. Although Reeves identified Tom as an appellee in his notice of appeal, he does not challenge the dismissal of his claims against Tom in the present appeal.

and "Wilson Flooring" in which he alleged a variety of claims, including claims of negligence, fraudulent suppression, fraudulent inducement, and breach of contract. On the same day that he filed his complaint, Reeves served a copy of the summons and the complaint on "Tom Wilson" and "Wilson Flooring" via certified mail.

Both the certified-mail return receipt and the summons included the following address for Tom Wilson:

> "TOM WILSON
> 1094 SOUTH MEMORIAL DRIVE
> PRATTVILLE, AL."

(Capitalization in original.) They also included the following address for "Wilson Flooring":

> "WILSON FLOORING C/O TOM WILSON
> 1094 SOUTH MEMORIAL DRIVE
> PRATTVILLE, AL."

(Capitalization in original.) It is undisputed that Wilson Floor is located at 1094 South Memorial Drive in Prattville.

Tina Wilson, Tom's wife, signed the certified-mail return receipt for both "Tom Wilson" and "Wilson Flooring." Neither the box labeled "addressee" nor the box labeled "agent" were checked next to Tina's signature.

3

After neither defendant filed an answer to Reeves's complaint, on May 31, 2018, Reeves moved for a default judgment against them. In his motion, Reeves asserted that both defendants had been served with a copy of the summons and the complaint on May 24, 2017, and that they had failed to plead, answer, appear, or otherwise defend against his action. Reeves thus asked the trial court to enter a default judgment against them with leave to prove damages.

On June 1, 2018, the trial court granted Reeves's motion and entered a default judgment against the defendants. It also scheduled a hearing for Reeves to prove damages.

Following multiple continuances over a period of several years, Reeves eventually filed a second motion for a default judgment and a supporting affidavit to prove damages on February 21, 2022. On February 28, 2022, the trial court entered a default judgment against the defendants and awarded Reeves $60,936 in damages.

In August 2022, Reeves sought to enforce the default judgment by filing a writ of execution against "Tom Wilson" and "Wilson Flooring." Seven months later, on March 16, 2023, Tom received a "Sheriff's Notice of Sale" for property owned by him to satisfy the default judgment

4

entered against him in Reeves's action.

After Tom retained counsel for himself and Wilson Floor, they filed a motion to vacate the default judgment. That motion, which was styled as "Rule 60 Motion to Vacate Default Judgment," stated that it was brought "pursuant to Rule 60(b)(4)," Ala. R. Civ. P., and alleged that the default judgments were due to be vacated for lack of proper service. At the very end of the motion, it also requested that the trial court "DISMISS this action due to [Reeves's] failure to timely and properly serve [them] in accordance with Rule 4 Ala. R. Civ. Proc." (Capitalization in original.)[2]

In their motion, Tom and Wilson Floor disputed that Tom was the owner of "Wilson Flooring" -- one of the defendants named in Reeves's action. They also noted that the correct name of Tom's business was

---

[2]Rule 12(b)(5), Ala. R. Civ. P., provides that a trial court may dismiss an action for "insufficiency of service of process." Although Wilson Floor did not explicitly rely on Rule 12(b)(5) as a basis for its request to have Reeves's claims against it dismissed, "'[t]his Court has always looked to substance over form.'" Bailey v. Faulkner, 940 So. 2d 247, 253 (Ala. 2006) (quoting Southern Sash Sales & Supply Co. v. Wiley, 631 So. 2d 968, 971 (Ala. 1994)). Thus, we treat Wilson Floor's motion as both a Rule 60(b) motion to vacate the default judgments and a Rule 12(b)(5) motion to dismiss.

"Wilson Floor & Wallcovering, Inc." Because Reeves had failed to name the correct defendant in his action, they further argued, Reeves had "failed to cause service of process to be perfected on Wilson Floor and, thus, the default judgment was due to be set aside." For each of those reasons, Tom and Wilson Floor argued that the default judgments against them were due to be vacated and that Reeves's action against them was due to be dismissed.

In support of their motion, Tom and Wilson Floor submitted an affidavit from Tom in which he stated that Tina was "not the Registered Agent authorized to receive service of process for Wilson Floor & Wallcovering, Inc.," that Tina was not authorized "to receive service of process on [Tom's] behalf at [his] place of employment," and that Tina did not inform Tom "of any litigation involving [him] or [his] business."

In his response to the motion, Reeves conceded that the default judgments against Tom and Wilson Floor were due to be vacated because of improper service. However, Reeves opposed the dismissal of his action against them because, he said, under Rule 4(i)(2)(C), "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default."

6

According to Reeves, because it was undisputed that Tina was an officer of Wilson Floor and that she was the one who had signed for and accepted service on behalf of Tom and Wilson Floor, those parties were clearly informed of Reeves's action against them but chose not to respond or otherwise defend against the action. Accordingly, Reeves opposed dismissal of his action against the defendants and also requested 45 days to perfect service against them.

In their reply to Reeves's response, Tom and Wilson Floor maintained that service had been improper because Tina (1) was not Wilson Floor's registered agent and (2) was not an agent of Tom or Wilson Floor. They also alleged that Tom never received the summons and the complaint and, thus, could not have been aware of Reeves' action.

As to Reeves's request to be given additional time to perfect service, Tom and Wilson Floor argued in their reply that granting that request would be improper given that nearly eight years had passed since the events underlying Reeves's action had taken place and the statute-of-limitations periods for each of Reeves's claims had also run. They further argued that Reeves had not "sought leave to amend the Complaint, nor [had he] filed an Amended Complaint to correctly name the proper party,"

7

and that "[a]mendment to add or change a party in a Complaint is not by right, but rather, at the Court's discretion." Finally, they asserted that allowing Reeves to amend his complaint at this point would be "highly prejudicial" to them because Reeves had not shown "good cause" and had "unduly delayed" the amendment.

The next day, without holding a hearing, the trial court granted Tom and Wilson Floor's motion and dismissed all claims against them with prejudice "[d]ue to the age of this case and lack of service."

On appeal, Reeves does not challenge the portion of the trial court's order vacating the default judgments against Tom and Wilson Floor. Instead, he challenges only the trial court's dismissal of his action against Wilson Floor.

## Standard of Review

We review the trial court's order dismissing Reeves's claims against Wilson Floor de novo. Williams v. Skysite Commc'ns Corp., 781 So. 2d 241, 245 (Ala. Civ. App. 2000).

## Discussion

On appeal, Reeves does not dispute that service was improper as to Wilson Floor. However, he maintains that his claims against Wilson

8

Floor should not have been dismissed because Rule 4(i)(2)(C) provides that an action "shall not be dismissed for improper service" if, he says, "an officer of the intended defendant actually received notice of the complaint and summons." Reeves's brief at 13 n.3. Reeves argues that he satisfies this test for two reasons: (1) the Articles of Incorporation for Wilson Floor specifically list Tina as an officer of the company and (2) it is undisputed that she signed the certified-mail return receipt when the summons and the complaint were served at the company's address on South Memorial Drive in Prattville on May 24, 2017.  Thus, Reeves argues that Wilson Floor was "informed" of his action against it and that dismissal of his action against it was, therefore, prohibited under Rule 4(i)(2)(C).

Wilson Floor does not dispute that it was one of the intended defendants to Reeves's action. However, it nevertheless argues that dismissal of Reeves's action against it was proper because Reeves failed to comply with the service requirements in Rule 4. According to Wilson Floor, when a corporation is served by certified mail, the certified mail must be received by the addressee or an agent of the addressee. Because the certified mail in this case was addressed solely to "Wilson Flooring

c/o Tom Wilson" and because Reeves failed to satisfy his burden of proving that Tina was an agent authorized by appointment or by law to receive service of process on behalf of it and Tom, Wilson Floor contends that the trial court's order is due to be affirmed.

Because neither party disputes that service upon Wilson Floor was improper, the only question this Court must decide is whether the trial court's dismissal of Reeves's action against it for lack of proper service was permitted in light of Rule 4(i)(2)(C).

Rule 4(i)(2)(C), provides that "[a]n action <u>shall not be dismissed</u> for improper service of process <u>unless</u> the service failed to inform <u>the defendant</u> of the action within time to avoid a default." (Emphasis added.) That rule further provides that, "[i]n the case of an entity included in one of the provisions of Rule 4(c), 'defendant,' within the meaning of this subdivision, shall be such a person described in the applicable subdivision of 4(c)." The Committee Comments to Amendment to Rule 4 Effective August 1, 2004, confirm that service successfully informs a defendant pursuant to Rule 4(i)(2)(C) "if the defendant <u>actually received</u> the summons and complaint in time to avoid default." (Emphasis added.) Those comments further clarify that, "[f]or a corporate defendant, a

'defendant' with <u>actual receipt</u> would include persons designated in Rule 4(c)(6) to receive service of process <u>(officers, managing agents, etc.)</u>."[3] <u>Id.</u> (emphasis added). Thus, even when, as in this case, service is improper, under Rule 4(i)(2)(C), an action "shall not" be dismissed if there is evidence that a corporate defendant's officer or registered agent actually received the summons and complaint in time to avoid default.

To summarize, Rule 4(i)(2)(C) does not make attempted service effective; instead, if it applies, it acts as a saving provision to prevent dismissal of an action when there is insufficient service. We must therefore determine whether the prerequisites of Rule 4(i)(2)(C) have been met.

It is undisputed that that the Articles of Incorporation for Wilson Floor list Tom as the president and registered agent for the company.

---

[3]Rule 4(c)(6), Ala. R. Civ. P., states:

"(6) <u>Corporations and Other Entities</u>. Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, <u>by serving an officer</u>, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."

(Emphasis added.)

However, it is also undisputed that the Articles of Incorporation list Tina as a corporate officer, shareholder, and board member of the company.

Although Wilson Floor does not dispute Reeves's claim that Tina was a corporate officer or that she actually received and signed for the summons and the complaint, it nevertheless argues that dismissal of Reeves's claims against it was appropriate because "[t]here is no evidence before the Court that … [Wilson Floor] had any knowledge of the litigation, or the issues involved," because Tom, the company's registered agent, never received the summons and the complaint. Wilson Floor's brief at 15.

This Court has previously held that "[t]he purpose of service is to notify the defendant of the action that is being brought against him." Hughes v. Cox, 601 So. 2d 465, 470 (Ala. 1992) (citing Goodall v. Ponderosa Estates, Inc., 337 So. 2d 726 (Ala. 1976)). As noted above, the comments to Rule 4 provide that a defendant is informed of the action when the defendant "actually receive[s] the summons and complaint." (Emphasis added.) In the case of a corporation, a "defendant" includes the persons listed in Rule 4(c)(6) -- i.e., "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized

12

by appointment or by law to receive service of process."

Here, although Tina was not Wilson Floor's registered agent, she could nevertheless accept service on behalf of Wilson Floor pursuant to Rule 4(c)(6) as one of the company's listed officers. Wilson Floor does not dispute that Tina actually received the summons and the complaint. Moreover, the certified-mail return receipt that is included in the record on appeal verifies this fact. Therefore, Wilson Floor's assertion that "[t]here is no evidence" indicating that the company had any knowledge of the action is incorrect.

Although it is undisputed that service of process was improper in this case, dismissal of Reeves's action against Wilson Floor was prohibited under Rule 4(i)(2)(C), Ala. R. Civ. P., because Tina (an officer) received the summons and the complaint. Thus, Wilson Floor was informed of Reeves's action within time to avoid default. Accordingly, the trial court's order dismissing Reeves's action against Wilson Floor is due to be reversed. We pretermit discussion of the remaining issues raised on appeal.

## Conclusion

For the foregoing reasons, we reverse the trial court's order

13

dismissing Reeves's action against Wilson Floor and remand this case to the trial court.

REVERSED AND REMANDED.

Parker, C.J., and Wise, Mendheim, Stewart, and Mitchell, JJ., concur.

Shaw and Bryan, JJ., concur in the result.

Sellers, J., concurs in the result, with opinion.

SELLERS, Justice (concurring in the result).

I concur in the result of the main opinion, which reverses the Autauga Circuit Court's judgment dismissing Joseph H. Reeves's action against Wilson Floor & Wallcovering, Inc. ("Wilson Floor"), based on lack of proper service. The parties in this matter apparently have agreed that, for purposes of this appeal, service on Wilson Floor was ineffective under the technical requirements of Rule 4, Ala. R. Civ. P. Thus, the issue whether service indeed was not perfected under the applicable rules has not been fully litigated. However, I am not completely convinced that, under the facts of this case, in which an officer of Wilson Floor, namely, Tina Wilson, accepted the summons and the complaint via certified mail, service was not validly accomplished under Rule 4. See generally Rule 4(c)(6) (generally providing that service on corporations and other legal entities is accomplished "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process"); Rule 4(i)(2)(C) (providing that service by certified mail is effective upon delivery to an addressee's agent, that "agent" includes "a person … specifically authorized by the addressee to receive the addressee's mail," and that

15

"[s]uch agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default"); Lane v. Main & Assocs., Inc., 270 So. 3d 270, 272-73 (Ala. 2018) (Sellers, J., dissenting) (concluding that there was substantial evidence of proper service of process on a corporate defendant when the certified mail containing the summons and complaint was delivered to a post-office box owned by a different entity that shared an owner with the defendant entity and the certified mail was accepted by a veteran employee of the different entity who had accepted certified mail for the defendant in the past).

In my view, service of process on a corporation via certified mail is perfected when an officer or other agent authorized to accept service gets actual notice, which can be substantiated through evidence, that the corporation is being sued. Thereafter, the defendant should not be allowed to rely on a technical defect in the certified-mailing procedure. To protect its rights and avoid the entry of a default, a defendant with actual knowledge of an action against it must answer the complaint or

otherwise defend. The main opinion suggests that service was not technically perfected because of defects in the certified mail as addressed and delivered but that the case cannot be dismissed and presumably must proceed based on the conclusion that the corporate defendant received actual notice of the action through one of its officers. As a practical matter, I see little difference between that reasoning and the idea that service was perfected and properly accomplished under the requirements of Rule 4. I thus respectfully concur in the result.